UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN THOMPSON, et al                                               PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:01CV111-LG-RHW

INGALLS SHIPBUILDING, INC.                                           DEFENDANT

### ORDER DENYING MOTION TO COMPEL
### BUT GRANTING LEAVE TO CONDUCT DEPOSITIONS

Before the Court is Plaintiffs' Motion to Compel Production of Witnesses for Rule 30(b)(6) depositions, or in the alternative, for leave to conduct additional Rule 30(b)(6) depositions.  Plaintiffs have taken three Rule 30(b)(6) depositions to date.  Rule 30(a)(2)(B) requires leave of court if the person to be examined has been deposed already in the case.  Plaintiff took the second and third Rule 30(b)(6) depositions by agreement of the parties.  Defendant now refuses to provide deponents for the fourth and fifth Rule 30(b)(6) depositions noticed by the Plaintiffs.

Plaintiffs argue in essence that they are entitled to an unlimited number of successive Rule 30(b)(6) depositions of a corporate entity.  Defendant counters that a corporation should be treated like a "person" and is therefore subject to the one deposition provision of Rule 30(a)(2)(B).  Neither side has presented controlling authority on the issue of whether a corporation should be treated like a person and thus limited to one deposition without leave of the court.

The relevant portion of the Dictionary Act, 1 U.S.C. § 1, provides that

> [i]n determining the meaning of any Act of Congress, unless the context indicates otherwise–. . . the wor[d] 'person' . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as

individuals.

Although Rule 30(b)(6) is not an "Act of Congress" in any direct sense of the phrase, the Court discerns no reason to treat corporations differently from persons when interpreting the federal rules, just as is done in statutory interpretation. As Plaintiffs observed in their rebuttal memorandum, "[i]nterpretation of the Federal Rules is guided by the same canons of construction used to interpret statutes. *See* Norman J. Singer, *Sutherland Statutory Construction*, § 67:14 at 233-36 (6th Ed. 2003) (observing that because the Federal Rules of Civil Procedure has been said to have the effect of statutes, courts will construe the rules to achieve their purposes)." Congress has the authority to regulate matters of practice and procedure in the federal courts, including the power to amend or abridge by statute the Federal Rules of Civil Procedure. *Jackson v. Stinnett*, 102 F.3d 132,134 (5th Cir. 1996). Congress delegated some of this authority to the Supreme Court under the Rules Enabling Act. *Id.* Despite this delegation of authority, Congress maintains an integral role in overseeing the promulgation of the Federal Rules of Civil Procedure. *Id.*

There are basically two separate duties at work under Rule 30(b)(6). First, it was Plaintiffs' duty to notice the corporate party for deposition and "describe with reasonable particularity the matters on which examination is requested." Then it became Defendant's duty to designate one *or more* persons to testify on those matters. In this case, Plaintiffs filed a notice of deposition but failed to include certain matters for which they now are making a belated effort to include in a successive Rule 30(b)(6) notice of deposition. The corporate entity was required to produce as many deponents as necessary to cover the topics outlined in the Plaintiffs' initial notice of deposition under Rule 30(b)(6). If Plaintiffs had drafted their initial notice of

deposition with sufficient particularity, then the corporate entity would have been obliged to produce a witness or witnesses to testify as to the matters now raised in Plaintiffs' fourth and fifth notices of deposition. Plaintiffs seek further Rule 30(b)(6) depositions as a result of an apparent oversight in drafting their initial Rule 30(b)(6) notice. The Court recognizes that in some cases, it may not become apparent until further into the discovery process that additional depositions pursuant to Rule 30(b)(6) are necessary. However, Plaintiffs must seek leave of Court to notice these depositions.

The Court finds that Plaintiffs' Motion to Compel and for Sanctions should be denied. The Court further concludes that Plaintiffs must seek leave of Court for additional Rule 30(b)(6) depositions. Plaintiffs already have been given tremendous leeway in conducting depositions under Rule 30(b)(6). However, the Court has reviewed Plaintiffs' request for additional depositions and out of an abundance of caution, the Court finds that Plaintiffs should be granted leave to conduct the requested Rule 30(b)(6) depositions.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Compel and for Sanctions is DENIED, but that Plaintiffs' Motion for Leave to Conduct Rule 30(b)(6) depositions is GRANTED.

SO ORDERED, this the 17th day of August, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
